**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN OPSAHL, | No. 10-35707 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01132-KI |
| v. | |
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 21; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 2, 2011[**]
Portland, Oregon

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant John R. Opsahl ("Opsahl"), a retired longshore worker, appeals the district court's summary judgment in his employment discrimination suit under the Americans with Disabilities Act ("ADA") against the International Longshore and Warehouse Union ("ILWU") and the Pacific Maritime Association ("PMA") for their refusal to allow Opsahl to seek re-register, following his 1997 disability retirement. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Under the ADA, an aggrieved employee who wishes to maintain a civil action for ADA discrimination must first file an administrative claim with the Equal Employment Opportunity Commission ("EEOC") no later than 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. §§ 2000e–5(e)(1), 12117(a). An employment discrimination claim accrues when the plaintiff knows of the allegedly unlawful employment decision. *Lukovsky v. City & County of S.F.,* 535 F.3d 1044, 1049–50 (9th Cir. 2008). "[F]ailure to file an EEOC charge within the prescribed 300-day period . . . is treated as a violation of a statute of limitations." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000).

Opsahl concedes he failed to file his EEOC charge within the prescribed 300-day period. He contends that the continuing violation doctrine excuses his late filing. However, the continuing violation doctrine does not apply to temporally

2

distinct and discrete acts of alleged discrimination. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Furthermore, we determined in *Cherosky* that an application of an allegedly discriminatory employment policy that continues to exist does not excuse a plaintiff from timely challenging a discrete act of alleged discrimination. *Cherosky v. Henderson*, 330 F.3d 1243, 1244 (9th Cir. 2003). Here, the defendants' decision not to re-register Opsahl was a temporally distinct, discrete act. *See Morgan*, 536 U.S. at 114. Because the continuing violation doctrine does not save Opsahl's untimely ADA claim, his claim is barred by the statute of limitations.

For the foregoing reasons, we conclude the district court properly granted the defendants' joint motion for summary judgment.

**AFFIRMED.**